**Schulte Roth&Zabel** LLP

919 Third Avenue
New York, NY 10022
212.756.2000
212.593.5955 fax

www.srz.com

Writer's Direct Number
212.756.2044

Writer's E-mail Address
bill.gussman@srz.com

March 8, 2021

**BY ECF**

The Honorable Victor Marrero
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:  Life Insurance Fund Elite LLC v. Hamburg Commercial Bank AG,
           1:20-cv-08553

Dear Judge Marrero:

      We write this letter on behalf of HCOB to respectfully request that your Honor consider the points set forth herein as a Reply Letter to Plaintiff's Letter Response (ECF No. 24) in light of your Honor's Order (ECF No. 18) contemplating that the arguments set forth in the parties' letters may be considered in lieu of a fully briefed motion to dismiss.

      Plaintiff's Letter Response argues that the sales process must have been unreasonable because HCOB has allegedly not told Plaintiff about the sales process. But that argument is untenable given Plaintiff's unequivocal waiver of notice. Despite a series of grand statements in Plaintiff's Letter Response regarding "non-waivable" requirements of Article IX of the UCC, Plaintiff cites no precedent which would support their position that notice rights continue beyond such a waiver. *See United States v. Lowy*, 703 F. Supp. 1040, 1044–45 (E.D.N.Y. 1989) (holding that the full waivers of notice between the parties "should be given effect").[1]

      Plaintiff's position that the sale *must* be unreasonable because HCOB did not sell the collateral for Plaintiff's opinion of its full value is based on pure speculation and does not support a claim for acting in a commercially unreasonable manner. *Shane Campbell Gallery, Inc. v. Frieze Events*, Inc., 441 F. Supp. 3d 1, 4 (S.D.N.Y. 2020) (dismissing commercial reasonableness claim where plaintiff's allegations were "wholly conclusory statements" and the complaint "allege[d] no facts suggesting that defendant breached its obligation to use commercially reasonable efforts"). While Plaintiff insists that its allegations are not all

---

[1] Plaintiff cites *Highland CDO Opportunity Master Fund, L.P. v. Citibank, N.A* for the proposition that HCOB acted commercially unreasonable by failing to give Plaintiff notice. 2013 WL 1191895, at *10-11 (S.D.N.Y. Mar. 22, 2013). However, that case is inapposite because, unlike the instant case, the underlying contract contained no express waiver of notice.

The Honorable Victor Marrero
Page 2

conclusory, it is clear upon inspection of the list of supposedly non-conclusory allegations contained in Plaintiff's Letter Response that such "facts" are based on Plaintiff's own professed intentions and view of the collateral's value and the alleged failure to be fully informed of information they had affirmatively waived the right to receive.[2]

Plaintiff's remaining arguments, including that the sale violated the obligation of good faith and fair dealing and was done negligently, are unsupported by facts or law.[3]

For these reasons as well as those set forth in HCOB's pre-Motion Letter, HCOB respectfully requests the Court consider the above arguments in determining whether to permit full briefing on HCOB's motion to dismiss or whether to grant HCOB's motion to dismiss the SAC.

Respectfully Submitted,

/s/ William H. Gussman Jr.
William H. Gussman Jr.

Enclosure
cc: All counsel of record (via ECF)

---

[2] Plaintiff also alleges that the collateral was marketed to only one buyer—a bare (and false) allegation that is contradicted by Plaintiff's allegations that it has not been informed of any specifics regarding the sales process.

[3] By way of example only, Plaintiff argues that HCOB is negligent because it has a legal duty independent of contractual obligations imposed by law (Letter Response at 3), however, the precedent Plaintiff relies upon makes clear that this only occurs in the rarest of circumstances where there is a "significant public interest [and where the] failure to perform the service carefully and competently can have catastrophic consequences." *Dormitory Auth. v. Samson Constr. Co.*, 30 N.Y.3d 704, 711, 94 N.E.3d 456 (2018).  That is plainly not the case here.