

March 10, 2021

The Honorable Victor Marrero
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

**By ECF**

Re:   *Life Insurance Fund Elite LLC v. Hamburg Commercial Bank AG*,
      Civil Action No. 1:20-cv-08553

Dear Judge Marrero:

      I write in response to Hamburg Commercial Bank's ("HCBA") letter to the Court dated March 8, 2021, which I did not understand the Court's rules to contemplate. To the extent the Court considers HCBA's letter, I ask the Court to consider the points below, concerning the issue of commercial reasonableness.

      The fact is that HCBA continues to misconstrue Life Insurance Fund Elite's ("LIFE") claim for breach of commercial reasonableness, as well as the claim's factual predicates:

1. HCBA had a non-waivable obligation to dispose of the collateral at issue in a commercially reasonable manner to try to maximize the sale price of the collateral; the waiver of LIFE's right to notification of any potential disposition of the collateral, in the parties' standstill agreement, did nothing to change that obligation.

2. Once LIFE learned (without notice from HCBA) that HCBA intended to sell the collateral, LIFE expressed an interest in purchasing it.

3. LIFE's expression of an interest in purchasing the collateral triggered HCBA's obligation to provide LIFE with the details of what collateral was to be sold, when it was to be sold, and in what manner it was to be sold, because HCBA could not maximize the sale price of the collateral without providing these details.

4. In selling the collateral for less than the loan balance, HCBA sold it for an unreasonably low sales price, because the value of the collateral was tens of millions of dollars in excess of the loan balance. If HCBA means to dispute these allegations, it can do so through and after discovery.

ROCHE FREEDMAN LLP
99 Park Avenue, Suite 1910, New York, NY 10016 | (t) (646) 350-0527 | www.rcfllp.com

5. HCBA thus breached its obligation to act in a commercially reasonable manner in failing to provide proper notice to LIFE of the sale of the collateral, and this breach harmed LIFE.

These allegations, as LIFE set out in more detail in its prior correspondence to the Court, and of course in the Amended Complaint, state a claim for breach of commercial reasonableness. LIFE has also stated claims for breach of the implied covenant of good faith and fair dealing and for negligence. HCBA presents no grounds for dismissal of these claims.

I thank the Court for its consideration of this letter.

Respectfully,

*/s/ Edward Normand*
Edward Normand

cc:
Patrick Dolan
Timothy Cornell