UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LIFE INSURANCE FUND ELITE LLC,

                                       Plaintiff,

- against -

HAMBURG COMMERCIAL BANK AG,

                                       Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  9/1/2021

Case No.: 1:20-cv-08553

**STIPULATED CONFIDENTIALITY AGREEMENT AND [~~PROPOSED~~] PROTECTIVE ORDER**

VICTOR MARRERO, U.S.D.J.:

        WHEREAS, Plaintiff Life Insurance Fund Elite ("Plaintiff") and Hamburg Commercial Bank AG ("Defendant," together with Plaintiff, "the Parties"), through their respective counsel, have agreed to the following terms of confidentiality set forth in this Stipulated Confidentiality Agreement and Protective Order (the "Protective Order"), and the Court finds good cause for issuance of an appropriately tailored confidentiality order governing this action to protect the legitimate interests of the Parties and other persons (including non-parties) in maintaining the confidentiality of certain proprietary or sensitive information that may be disclosed in connection with the above-captioned proceeding (the "Producing Parties");

        **IT IS HEREBY ORDERED** that:

Definitions

    1.    "Information," shall mean any document, tangible thing, information, tabulation, summary, transcript or testimony taken at a deposition, hearing or other proceeding.

    2.    "Litigation," shall mean the above-captioned action.

3. "Person" and "persons" shall mean individuals, corporations, partnerships and all other legal entities.

Stipulated Terms

4. Confidential or Highly Confidential Information. The Producing Party may, subject to this Protective Order, designate any Information as "Confidential" ("Confidential Information"). A designation of "Confidential" shall constitute a representation by the Producing Party and its counsel that they, in good faith, believe that the material so designated contains or constitutes confidential, sensitive and/or proprietary information, not publicly known, which is properly subject to a Protective Order pursuant to Fed. R. Civ. P. 26(c)(1)(G) and/or Information which the Producing Party and its counsel believe in good faith that Producing Party is under a contractual obligation to keep confidential. Any Producing Party may designate any Information as "Highly Confidential" under the terms of this Stipulation if such Producing Party in good faith and reasonably believes that disclosure of the Information other than as permitted pursuant to Paragraph 10 of this Stipulation is substantially likely to cause injury to the Producing Party ("Highly Confidential Information"). Information designated "Confidential" or "Highly Confidential" shall be accorded the protections referred to in paragraphs 8, 9 and 10 of this Protective Order.

5. Designation of Information as Confidential or Highly Confidential. Documents, portions of documents, affidavits, responses to subpoenas and other Information may be designated as "Confidential" or "Highly Confidential" by stamping or otherwise marking the document, the portion of the document or the Information with the legend "Confidential" or "Highly Confidential." Documents must be stamped "Confidential" or "Highly Confidential" in order to be designated and treated with the protections referred to in paragraphs 8, 9 and 10 of this Protective Order. Documents not stamped with a designation may still be designated and

treated as Confidential or Highly Confidential provided the Producing Party or its counsel enclosing or forwarding the production designates the production in writing as "Confidential" or "Highly Confidential."

      6. <u>Designation of Depositions as Confidential or Highly Confidential.</u> Depositions, the information contained in depositions (including exhibits) and designations of the portion of the transcript (including exhibits) may be designated as "Confidential" or "Highly Confidential" by statement to such effect on the record of the deposition by the attorneys for the Producing Party. Any portion of, or the entire deposition transcript (including exhibits), may be designated as "Confidential" or "Highly Confidential" by letter by the attorneys for the Producing Party within 10 business days following receipt of the deposition transcript or a copy thereof by the Producing Party and its counsel. In order to ensure that the Producing Party has ample time to provide confidentiality designations following the completion of a deposition in accordance with this paragraph, the entirety of any deposition taken in this proceeding (including the deposition transcript and any exhibits) shall be treated as "Confidential" and shall be accorded the protections herein for Confidential Information until the expiration of 10 business days following receipt of the deposition transcript or a copy thereof by the Producing Party and its counsel.

      7. <u>Subsequent Designation of Information as Confidential or Highly Confidential</u>. Any Information produced without being designated "Confidential" or "Highly Confidential" may be so designated, with respect to future disclosure, by either Party by sending a letter making such designation to each party who has received or produced such material as well as to the Producing Party. Disclosure of such material prior to its designation as "Confidential" or "Highly Confidential" shall not violate the terms of this Protective Order, provided, however, that a person disclosing such material that is subsequently designated as

3

"Confidential" or "Highly Confidential" shall use reasonable efforts to retrieve such material from the recipient(s) and prevent further disclosures except as authorized in this Protective Order.

8. <u>Use of Confidential or Highly Confidential Information</u>. Confidential or Highly Confidential Information shall be used by the Party receiving it only in preparation for and conduct of the Litigation, including appeals (including use in appearances, conferences, hearings, arguments, trials, briefs, memoranda, correspondence and other documents relating thereto) and shall not be published to the public in any form by the Parties (including any such party's agents, representatives or counsel), nor shall Confidential or Highly Confidential Information be used for any other purpose except upon written consent of the Producing Party or upon orders made by this Court. Nothing in this Protective Order shall prevent the Producing Party from using or disclosing its own Confidential or Highly Confidential Information as it deems appropriate.

9. <u>Restrictions on the Disclosure of Information Designated as Confidential</u>. Information designated as "Confidential" and all confidential information contained therein or derived therefrom shall, except as set forth above, not be disclosed to, or discussed with, any person except:

   (a) counsel to the parties in the Litigation, and their staffs (including legal assistants, duplicating companies, discovery vendors, litigation support personnel and other persons employed or supervised by such counsel) reasonably necessary to assist such counsel in the conduct of this Litigation;

   (b) the Parties and any employees or agents of the Parties that are reasonably necessary to assist counsel in the conduct of this Litigation;

   (c) experts, consultants and other persons from whom counsel may seek to obtain evidence, advice or expert opinions (including persons employed or supervised by such persons), to the extent

4

                        deemed reasonably necessary by counsel for the conduct of this Litigation;

        (d)        any witness or prospective witness to this Litigation (for purposes of preparation for such testimony), and counsel for such person, to the extent deemed reasonably necessary by counsel for the conduct of this Litigation;

        (e)        the Court before whom this Litigation is pending, or any court of competent jurisdiction (together with any court personnel) for purposes of this or any legal proceeding (including all appeals);

        (f)        stenographers, court reporters and videographers; and

        (g)        other persons only upon consent of the Producing Party or upon orders made by this Court.

Prior to the disclosure of Information which have been designated as Confidential to those persons or entities authorized under paragraphs 9(c) and (g) of this Protective Order, to receive such Information, any such individual or entity shall be provided with a copy of this Protective Order, which he or she shall read. Upon reading this Protective Order, such person or entity shall sign a certification, in substantially the form annexed hereto as Exhibit A, acknowledging that he or she has read this Protective Order, will abide by its terms and agrees to submit to the jurisdiction of this Court for purposes of any proceeding relating to the enforcement of this Protective Order (an "Exhibit A Certification"). Copies of signed Exhibit A Certifications shall be retained by counsel for the party obtaining them.

        10.        <u>Restrictions on the Disclosure of Information Designated as Highly Confidential</u>. Information designated as "Highly Confidential" and all confidential information contained therein or derived therefrom shall, except as set forth above, not be disclosed to, or discussed with, any person except:

        (a)        counsel to the parties in the Litigation, and their staffs (including legal assistants, duplicating companies, discovery vendors, litigation support personnel and other persons employed or supervised by such counsel) reasonably necessary to assist such counsel in the conduct of this Litigation;

      (b)      experts, consultants and other persons from whom counsel may seek to obtain evidence, advice or expert opinions (including persons employed or supervised by such persons), to the extent deemed reasonably necessary by counsel for the conduct of this Litigation;

      (c)      any witness or prospective witness to this Litigation (for purposes of preparation for such testimony), and counsel for such person, to the extent deemed reasonably necessary by counsel for the conduct of this Litigation;

      (d)      the Court before whom this Litigation is pending, or any court of competent jurisdiction (together with any court personnel) for purposes of this or any legal proceeding (including all appeals);

      (e)      stenographers, court reporters and videographers; and

      (f)      other persons only upon consent of the Producing Party or upon orders made by this Court.

Prior to the disclosure of Information which have been designated as Highly Confidential to those persons or entities authorized under paragraphs 10(b) and (f) of this Protective Order, to receive such Information, any such individual or entity shall be provided with a copy of this Protective Order, which he or she shall read. Upon reading this Protective Order, such person or entity shall sign an Exhibit A Certification. Copies of signed Exhibit A Certifications shall be retained by counsel for the party obtaining them.

      11.      <u>Inadvertent Production.</u>  If information subject to a claim of attorney-client privilege, work product or any other privilege or immunity from discovery is inadvertently produced by the Producing Party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product or any other privilege or immunity from discovery to which the Producing Party would otherwise be entitled. If a claim of inadvertent production is made, pursuant to this paragraph, with respect to information then in the custody of another party, such party shall promptly return to the Producing Party that material as to which the claim of inadvertent production has been made.

6

The party returning such material may then file a motion with this Court seeking to compel production of the material. On any such motion, each party may present to this Court its respective position concerning the facts and circumstances of the production but may not assert the inadvertent production as a basis for a claim that any privilege has been waived.

12. <u>Resolution of Challenges to Designations</u>. Entering into, agreeing to or otherwise complying with the terms of this Protective Order shall not: (a) operate as an admission by either Party that any particular Information which have been designated "Confidential" or "Highly Confidential" contain or reflect confidential, sensitive or proprietary business, financial, personal, personnel, trade, technical, research, development or commercial information; (b) prejudice in any way the rights of any Party to seek from this Court an order that information designated as "Confidential" or "Highly Confidential" need not be treated as such; (c) prejudice in any way the rights of the Producing Party to object to any discovery requests that seek information or documents that it considers not subject to discovery; (d) prejudice in any way the rights of a Party to seek a determination of this Court that particular Information should be produced; (e) prejudice in any way the rights of the Producing Party to seek from this Court a protective order or further protections governing the use of such Information; or (f) prejudice in any way the rights of any party to this Litigation. The Parties are not obliged to challenge the protected status of any Information at the time of receipt, disclosure, or designation thereof, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that the Parties seek to challenge the appropriateness of protected treatment of any Information, it shall consult in good faith with the Producing Party in an effort to resolve the matter on an informal basis. In the event no agreement is reached, the Party may apply to this Court for an order removing the designation from the disputed Information. The challenging Party shall give no less than ten (10) business days written notice to the Producing Party before applying for such an order, identifying

7

(with as much specificity as is practicable) the document, testimony or other Information that counsel contends are not entitled to protection. The Producing Party shall bear the burden on any such application to this Court of demonstrating that the Information are properly designated as Confidential or Highly Confidential and are entitled to such protection. Any document, testimony or other Information as to which such a motion is made shall continue to be treated as designated until this Court rules or the motion is otherwise resolved.

13. <u>Receipt of Subpoena</u>. If a Party is in possession of Information designated "Confidential" or "Highly Confidential" under this Protective Order receives a discovery request, subpoena or other process seeking production or other disclosure of such Confidential or Highly Confidential Information, that party shall give timely written notice to counsel for the Producing Party and shall enclose a copy of the discovery request, subpoena or other process. Where possible at least ten (10) business days' notice before production or other disclosure should be given.

Dated: New York, New York
August 23, 2021

| | | | |
|---|---|---|---|
| By: | /s/ Timothy Cornell | By: | /s/ William H. Gussman, Jr. |

Timothy Cornell  
Patrick J. Dolan  
CORNELL DOLAN, P.C.  
Ten Post Office Square, Suite 800 South  
Boston, Massachusetts 02110  
(617) 535-7763  
tcornell@cornelldolan.com  
pdolan@cornelldolan.com  

William H. Gussman, Jr.  
Hannah M. Thibideau  
SCHULTE ROTH & ZABEL LLP  
919 Third Avenue  
New York, New York 10022  
(212) 756-2000  
William.Gussman@srz.com  
Hannah.Thibideau@srz.com  

*Attorneys for Hamburg Commercial Bank AG*

/s/ Edward Normand

Edward Normand  
ROCHE CYRULNIK FREEDMAN LLP  
99 Park Avenue, 19th Floor  
New York, NY 10016  
(646) 970-7513  
tnormand@rcfllp.com  

*Attorneys for Life Insurance Fund Elite LLC*

IT IS SO ORDERED.

Dated: ~~August ___, 2021~~

      September 1, 2021

_____  
Victor Marrero  
U.S.D.J.