UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LIFE INSURANCE FUND ELITE LLC,                    :

                                                        :      ORDER
                    Plaintiff,
                                                        :

  -v.-                                            20 Civ. 8553 (VM) (GWG)
                                                        :
HAMBURG COMMERCIAL BANK AG,
                                                         :

                   Defendant.           :
-----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

       The Court has considered plaintiff's letter on discovery (Docket # 56) and defendant's response (Docket # 57).[1] There appears to be no dispute between the parties. As the Court understands it, defendant either has produced or is about to produce documents in each of the categories if they exist.

       As to the first category (relating to the 2013 consolidation), it appears that some documents have yet to be produced, and the Court orders that any remaining documents be produced by February 2, 2022.

       As to the second category (relating to the arbitration award), it appears that the only unproduced documents in defendant's possession are privileged but that defendant has not yet produced a privilege log. That log shall be produced by February 2, 2022.

       As to the third category (relating to what plaintiff characterizes as the "sale of the LIFE loan in 2018"), it has not been explained why the details of the sale of HCOB would be relevant except to the extent that the documents reflect the involvement of the LIFE loan. The defendant has agreed to produce any such documents but claims they do not exist. Accordingly, it does not appear that any Court order is required.

       It may be that there are reasons why plaintiff seeks documents in a form not specifically explained in its letter or that defendant has too narrowly construed its request. For example, plaintiff may have reasons that it is entitled to documents on the HCOB sale even if no documents mention the LIFE loan or the collateral. But this was never explained in plaintiff's letter and should have been the subject of a discussion among counsel. If the parties' discussions

---

[1] The Court has not considered defendant's complaint about plaintiff's production (Docket # 57 at 4) since it does not comply with paragraph 2.A of the Court's Individual Practices.

were insufficiently detailed, plaintiff is welcome to confer with defendant's counsel again and, if no resolution can be reached, present any dispute in compliance with paragraph 2.A of the Court's Individual Practices. The Court notes that plaintiff's letter was not compliant with that paragraph inasmuch as it did not clearly set forth "the adversary's position as to each issue being raised (as stated by the adversary during the in-person or telephonic conference)." Any future letter must scrupulously comply with paragraph 2.A.

    SO ORDERED.

Dated: January 25, 2022
       New York, New York

                                            _____
                                            GABRIEL W. GORENSTEIN
                                            United States Magistrate Judge